TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-408 |
| of | : | |
| | : | October 21, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE KEVIN MURRAY, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May a local emergency medical services agency charge a fee for the reaccreditation of an emergency medical technician-paramedic?

CONCLUSION

A local emergency medical services agency may charge a fee for the reaccreditation of an emergency medical technician-paramedic only if the person's accreditation is no longer in effect.

ANALYSIS

In 1980 (Stats. 1980, ch. 1260, § 7) the Legislature enacted the Emergency Medical Services System and Prehospital Emergency Medical Care Personnel Act (Health & Saf. Code, §§ 1797-1799.297; "Act") **Footnote No. 1** to govern the provision of emergency medical services ("EMS") to individuals prior to their admission to a hospital. The Act created the Emergency Medical Services Authority ("Authority") as a state agency (§ 1797.100) with the power to adopt regulations implementing the Act (§ 1797.107; see Cal. Code of Regs., tit. 22, §§ 100000.1-100334). **Footnote No. 2** The Act authorizes each county to develop an EMS program by creating a local EMS agency. (§ 1797.200.) The Act establishes categories of personnel authorized to provide prehospital medical services. (§§ 1797.160-1797.195.) The categories are Emergency Medical Technician-I ("EMT-I"), Emergency Medical Technician-II ("EMT-II"), and Emergency Medical Technician-Paramedic ("EMT-P"). (§§ 1797.80, 1797.82, 1797.84.)

The question presented for resolution is whether a local EMS agency may charge a fee for the "reaccreditation" of an EMT-P. We conclude that a fee may be charged only if the person's accreditation is no longer in effect.

In addressing this question, we first note the roles and responsibilities of the Authority and local EMS agencies with regard to EMT-Ps. Section 1797.7 provides:

"(a) The Legislature finds and declares that the ability of some prehospital emergency medical care personnel to move from the jurisdiction of one local EMS agency which issued certification and authorization to the jurisdiction of another local EMS agency which utilizes the same level of emergency medical care personnel will be unreasonably hindered if those personnel are required to be retested and recertified by each local EMS agency.

"(b) It is the intent of the Legislature in enacting this section and Section 1797.185 to ensure that *EMT-P personnel who have met state competency standards for their basic scope of practice*, as defined in Chapter 4 (commencing with Section 100135) of Division 9 of Title 22 of the California Code of Regulations, *and are currently certified are recognized statewide without having to repeat testing or certification for that same basic scope of practice*.

"(c) It is the intent of the Legislature that local EMS agencies may require prehospital emergency medical care personnel who were certified in another jurisdiction to be oriented to the local EMS system and receive training and demonstrate competency in any optional skills for which they have not received accreditation. It is also the intent of the Legislature that no individual who possesses a valid California EMT-P certificate shall be prevented from beginning working within the standard statewide scope of practice of an EMT-P if he or she is accompanied by an EMT-P who is currently certified in California and is accredited by the local EMS agency. *It is further the intent of the Legislature that the local EMS agency provide, or arrange for the provision of, training and accreditation testing in local EMS operational policies and procedures and any optional skills utilized in the local EMS system* within 30 days of application for accreditation as an EMT-P by the local EMS agency.

"(d) It is the intent of the Legislature that subdivisions (a), (b), and (c) not be construed to hinder the ability of local EMS agencies to maintain medical control within their EMS system in accordance with the requirements of this division." (Italics added.)

The Authority licenses each EMT-P, which license must be renewed every two years upon payment of a fee to the state. Section 1797.172 states:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) . . . the authority shall be the agency solely responsible for licensure and licensure renewal of EMT-Ps who meet the standards and are not precluded from licensure because of any of the reasons listed in subdivision (d) of Section 1798.200. . . .

"(d) The authority shall charge fees for the licensure and licensure renewal of EMT-Ps in an amount sufficient to support the authority's licensure program at a level that ensures the qualifications of the individuals licensed to provide quality care. The basic fee for licensure or licensure renewal of an EMT-P shall not exceed one hundred twenty-five dollars ($125). Separate additional fees may be charged, at the option of the authority, for services that are not shared by all applicants for licensure and licensure renewal, including, but not limited to, any of the following services:

"(1) Initial application for licensure as an EMT-P.

"(2) Competency testing, the fee for which shall not exceed thirty dollars ($30), except that an additional fee may be charged for the cost of any services that provide enhanced availability of the exam for the convenience of the EMT-P, such as on-demand electronic testing

availability of the exam for the convenience of the EMT-P, such as on-demand electronic testing.

      "(3) Fingerprint and criminal record check.

      "(4) Out-of-state training equivalency determination.

      "(5) Verification of continuing education for a lapse in licensure.

      "(6) Replacement of a lost licensure card. The fees charged for individual services shall be set so that the total fees charged to EMT-Ps shall not exceed the authority's actual total cost for the EMT-P licensure program.

      ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

      "(f) At the option of the authority, fees may be collected for the authority by an entity that contracts with the authority to provide any of the services associated with the EMT-P program. All fees collected for the authority in a calendar month by any entity designated by the authority pursuant to this section to collect fees for the authority shall be transmitted to the authority for deposit into the Emergency Medical Services Personnel Fund within 30 calendar days following the last day of the calendar month in which the fees were received by the designated entity, unless the contract between the entity and the authority specifies a different timeframe." **Footnote No. 3**

Section 1797.194, subdivision (c) provides:

      "EMT-P licenses shall be renewed every two years upon submission to the authority of proof of satisfactory completion of continuing education or other educations requirements established by regulations of the authority . . . ."

Local EMS agencies do not license EMT-Ps (§ 1797.210, subd. (a)) and "shall not collect fees for the certification or recertification of an EMT-P" (§ 1797.212). For purposes of the Act, certification and recertification are the same as licensure and licensure renewal. Subdivision (a) of section 1797.194 states:

      "Any reference to EMT-P certification pursuant to this division shall be equivalent to EMT-P licensure pursuant to this division, including, but not limited to, any provision in this division relating to the assessment of fees."

Accordingly, a local EMS agency may not charge a fee for licensure, licensure renewal, certification, or recertification with respect to an EMT-P.

      However, a local agency may charge EMT-Ps for "accreditation." Subdivision (f) of section 1797.194 states that the requirements for licensure and certification by the Authority, including the payment of fees to the state, do not "alter or interfere with the local EMS agency's ability to locally accredit licensed EMT-Ps." The Authority is directed by the Legislature to establish:

      "Conditions for local accreditation of certified EMT-P personnel which are reasonable in order to maintain medical control and the integrity of the local EMS system, as determined by the authority and approved by the commission." (§ 1797.185, subd. (a)(2); see also § 1797.185, subd. (a)(3).)

As part of these conditions for local accreditation, the Authority must provide "for the establishment and collection of fees by the appropriate agency." (§ 1797.185, subd. (a)(3).)

      The Authority has implemented these statutory directives by adopting regulations specifying

that accreditation is "authorization by the local EMS agency to practice EMT-P skills within that jurisdiction." (Reg. 100140.) The qualifications for accreditation are set forth in Regulation 100164:

"(a) In order to be eligible for accreditation an individual shall:

"(1) Possess a valid California statewide EMT-P certificate which is current.

"(2) Apply to the local EMS agency for accreditation.

"(3) Successfully complete an orientation of the local EMS system as prescribed by the local EMS agency. The orientation shall not exceed eight (8) classroom hours and shall not include any further testing of the EMT-P scope of practice specified in Section 100144(b)(1) through (13).

"(4) Comply with other reasonable requirements, as may be established by the local EMS agency, such as:

"(A) Complete an application form.

"(B) Complete a statement that the individual is not precluded from accreditation to practice as an EMT-P for reasons defined in Section 1798.200 of the Health and Safety Code.

"(C) Pay the established local fee pursuant to Section 100172.

"(D) Successfully complete a supervised pre-accreditation field evaluation to consist of no more than ten (10) ALS responses.

"(b) The medical director shall evaluate any candidate who fails to successfully complete the field evaluation and recommend further evaluation or training as required, or take other certificate review action deemed necessary in accordance with the provisions of Chapter 6, Title 22 CCR.

"(c) Accreditation to practice shall be continuous as long as certification is maintained and any local EMS agency requirements are met which may include, but not be limited to, continuing education and frequency of skills use.

"(d) The local EMS agency shall notify individuals applying for accreditation of the decision to accredit within thirty (30) days of submission of a complete application.

"(e) The local EMS agency shall submit to the EMS Authority the names and dates of accreditation for those individuals it accredits within ten (10) work days of accreditation.

"(f) During an interfacility transfer, an individual who is accredited as an EMT-P in one jurisdiction may utilize the EMT-P scope of practice in another jurisdiction according to the policies and procedures established by the accrediting local EMS agency.

"(g) During a mutual aid response into another jurisdiction, an EMT-P may utilize the EMT-P scope of practice according to the policies and procedures established by his/her accrediting local EMS agency."

Regulation 100172, subdivision (a), states in turn with respect to local EMS agency fees for accreditation:

"A local EMS agency may establish a schedule of fees for . . . EMT-P accreditation in an amount sufficient to cover the reasonable cost of complying with the provisions of this

Chapter."

Noticeably absent from the governing statutes and regulations is any authority to charge a fee for "reaccreditation" of an EMT-P. Fees for accreditation are expressly covered; nothing is provided for reaccreditation. Indeed, accreditation is to be "continuous as long as certification is maintained and any local EMS agency requirements are met." (Reg. 100164, subd. (c).)

Consistent with the above quoted statutory provisions and regulations, the Authority on September 20, 1995, issued guidelines to EMS agencies regarding the implementation of accreditation policies and procedures. The guidelines provide in part:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The Legislature intended accreditation to be a process by which the local EMS agency and medical director could be assured that all EMT-Ps functioning in the EMS system were oriented to local policies, procedures, and EMS system features and to maintain medical control and integrity of the system. Accreditation was not intended to grant local EMS agencies the authority to duplicate licensure procedures. The requirements placed within accreditation should be carefully considered in the context of the needs of the EMS system and of the individual EMT-P. The accreditation process must not unfairly deny an EMT-P the ability to work within an EMS system.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Accreditation to practice shall be continuous as long as the EMT-P maintains a valid license, maintains the appropriate level of education and training, and adheres to local medical care standards and protocols as developed by the medical director after consultation with the EMS community. . . . The LEMSA should not require reapplication or additional accreditation fees if accreditation has not been removed.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Accreditation may be denied or suspended by the local EMS agency. If an EMT-P does not maintain current licensure or meet local accreditation requirements, accreditation can be suspended until such time that the deficiencies are completed and documented to the local EMS agency. Suspension of accreditation privileges means that the EMT-P cannot work in either the basic or optional scope of practice in that local EMS agency jurisdiction.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

The guidelines do not support the collection of fees for reaccreditation unless the person's accreditation is no longer in effect. The EMS agency "should not require . . . additional fees if accreditation has not been removed." Accreditation may be removed or suspended if "an EMT-P does not maintain current licensure or meet local accreditation requirements." Accreditation, however, "shall be continuous as long as the EMT-P maintains a valid license, maintains the appropriate level of education and training, and adheres to local medical care standards and protocols . . . ." **Footnote No. 4**

The Authority's interpretation of the governing statutory language and of its own regulations is entitled to great weight. (See *People* ex rel. *Lungren* v. *Superior Court* (1996) 14 Cal.4th 294, 309; *Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 460; *Industrial Indemnity Co.* v. *City and County of San Francisco* (1990) 218 Cal.App.3d 999, 1009.) We find the administrative interpretation to be in accordance with the specific legislative language controlling the present inquiry. (See *Agricultural Labor Relations Bd.* v.

*Superior Court* (1976) 16 Cal.3d 392, 420.) "Reaccreditation" is in effect the obtaining of accreditation after it has been removed. As such, both the governing statutes and regulations authorize the imposition of fees when "reaccreditation" is sought.

We conclude that a local EMS agency may charge a fee for the reaccreditation of an EMT-P only if the person's accreditation is no longer in effect.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Health and Safety Code are by section number only. **Return to text**
**Footnote No. 2**
All references hereafter to title 22 of the California Code of Regulations are by regulation number only. **Return to text**
**Footnote No. 3**
Pursuant to the provisions of section 1798.200, the Authority may deny, suspend, or revoke any EMT-P license for such acts as gross negligence, violating state or federal drug regulations, or fraud in the procurement of the license. **Return to text**
**Footnote No. 4**
Of course, an EMT-P may be charged a fee for taking a training course necessary to maintain his or her "appropriate level of education and training."